Donohue, J.
On December 30, 1997, plaintiff, the Wachusett Regional Education Association-the Massachusetts Teachers Association (the “Association”), filed a complaint for confirmation of arbitration awards against defendant, the Wachusett Regional School District Committee (the “District”). The Association claims that the District has not fuhy complied with the arbitration awards at issue. On June 10, 1999, pursuant to G.L.c. 150C, §10, the Association filed a motion to confirm the arbitration awards, or, in the alternative, to remand the matter to the arbitrator for clarification. The District opposes this motion. For the reasons set forth below, the Court ALLOWS the plaintiffs motion to confirm the arbitration awards.
BACKGROUND
Over the past twenty-eight years, there has been an orientation and preparation day for teachers at Wachusett Regional High School the day before any students arrive. For those same twenty-eight years, the day immediately after that was designated Freshman Orientation Day. On this day, academic teachers, guidance personnel, administrators, and the school nurse would orient freshmen from the five feeder communities by running through a simulation of the normal school schedule. This day was counted as one of the 180 school days mandated by the state Department of Education. Instead of following the above schedule, on August 21, 1995, the principal notified the teachers that an orientation program would be conducted on September 5, 1995, the first day that the staff would return to school.
The Association’s Grievance Chair, Philip O’Connor, informed the principal that the Association viewed this change in schedule as a violation of the Collective Bargaining Agreement (the “Agreement”).[1] The principal responded that it was too late for further change, since letters had already been sent to incoming freshmen. As a result, September 5, 1995 was run as a noninstructional day.
The arbitrator stated that the Association claims that by scheduling noninstructional orientation activities for freshmen students for a portion of the teachers’ orientation/preparation day, the District violated Article IV, Section B of the Agreement. The Association argued that the mutual intent of the parties to recognize Freshman Orientation Day as totally separate from the teacher orientation/preparation day is clear and evidenced by unequivocal and longstanding practice. As a remedy, the Association sought a cease and desist order against the District and financial compensation for those unit members who were required to be involved in the Freshman Orientation Day schedule.
The arbitrator stated that the District’s position was that the plain and unambiguous language of Article IV, Section B allows it to schedule noninstructional “orientation” activities the day before the opening of school.
In her discussion, the arbitrator noted that the case involved the interpretation of Article IV, Section B.2., which requires teachers to report to school “one day prior to the opening of school (for orientation and preparation).” Ultimately, the arbitrator found that by including freshman orientation duties with the teachers’ own orientation and preparation day, the District violated Article IV, Section B of the Agreement. In her award, the arbitrator ordered the District to cease and desist from such scheduling and to finan *364 cially compensate those bargaining unit members who were required to take part in the Freshman Orientation Day schedule on September 5, 1995.
Thereafter, the parties were unable to agree on a formula for financial compensation. They then submitted this question to the arbitrator. In its materials submitted to the arbitrator, the Association included calculations for its proposed compensation for each of the affected bargaining unit members. Among these bargaining emit members were six guidance counselor personnel and one school nurse, who were required to take part in Freshman Orientation Day in September of 1995 or September of 1996.
In a supplemental award, the arbitrator set forth a formula to calculate the financial compensation owed to those members who were required to take part in the Freshman Orientation Day schedule on September 5, 1995 and/or September 3, 1996.[2] The Association filed the present action because the District has not compensated the six guidance personnel and the school nurse.
DISCUSSION
Pursuant to G.L.c. 150C, §10, “(u]pon application of a party, the superior court shall confirm an award, unless within the time limits, hereinafter imposed grounds are urged for vacating, modifying or correcting the award . . .”[3] This Court must determine whether the six guidance personnel and the school nurse were covered under the arbitrator’s award, and whether the awards should, therefore, be confirmed.
The defendant argues that these individuals are outside the scope of the initial award and the supplemental award. It stresses the fact that the Association used the word “teachers" in its grievance report and that the guidance personnel and school nurse were not involved in the grievance because they had no freshman classes and were not involved in instructional activities with the freshman class.
Although the Association did use the word “teachers” in its grievance report, this word should not prevent the seven other bargaining unit members from receiving compensation. They, too, were required to take part in the Freshman Orientation Day schedule. In describing the issue of the grievance, the arbitrator clearly states that the parties stipulated to the issue of whether the District violated Article IV, Section B of the Agreement. In finding in the affirmative, the arbitrator states clearly and unambiguously in her award that it applies to “those bargaining unit members who were required to take part in the Freshman Orientation Day schedule on September 5, 1995." The six guidance personnel and school nurse were among these unit members, and therefore, they are covered under the award. Accordingly, the award must be confirmed and the seven bargaining unit members must be financially compensated according to the formula set forth by the arbitrator in her supplemental award.
ORDER
It is therefore ORDERED that the Association’s motion to confirm the arbitration awards be ALLOWED. The District shall financially compensate those bargaining unit members who were required to take part in the Freshman Orientation Day schedule on September 5, 1995 and/or September 3, 1996 consistent with the formula set forth by the arbitrator.

 The Recognition Clause from the 1994-97 Bridge Agreement (the collective bargaining agreement which was in effect when the underlying grievance regarding Freshman Orientation Day arose) identified the Association as “the exclusive bargaining agent and representative of all instructional staff to include teachers, counselors, librarians/unified media specialists, speech therapists, student health liaison (the school nurse), psychologists and any other job title agreed by both parties in writing.”

 The District conducted the Freshman Orientation schedule in September 1996 in a similar fashion to the one held in September 1995.

 The defendant, however, has not made an application to the Court to vacate, modify, or correct the awards.